Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| FREDDY LÓPEZ CARTAGENA<br><br>Peticionario<br><br>v.<br><br>YADILES SANTOS BURGOS<br><br>Recurrido | KLCE202400347 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso número: CG2023CV00397<br><br>Sobre: Liquidación de comunidad de bienes |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a 23 de mayo de 2024.

Comparece Freddy López Cartagena (peticionario o López Cartagena) y nos solicita la revocación de la *Resolución*[1] que el Tribunal de Primera Instancia, Sala de Caguas (TPI o foro primario) notificó el 31 de enero de 2024. En esta, el TPI ordenó a Yadiles Santos Burgos (recurrida o Santos Burgos) satisfacer la sanción impuesta como condición para dejar sin efecto la anotación de rebeldía en su contra.

Por los fundamentos que exponemos a continuación, resolvemos expedir el auto de *Certiorari* y modificar la *Orden* emitida por el foro primario. Veamos.

**I.**

Tras la notificación de la sentencia de divorcio el 9 de agosto de 2022, el peticionario instó una causa de acción civil en contra de Santos Burgos en la cual solicitó la liquidación de la extinta sociedad legal de bienes gananciales. A pesar de haber sido debidamente

---

[1] Apéndice, pág. 110.

Número Identificador

SEN2024 _____

emplazada el 28 de febrero de 2023, y apercibida de los procesos a seguir, la recurrida no acreditó su alegación responsiva en el término de treinta (30) días dispuesto en la Regla 10.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.1. En reacción, el 31 de marzo de 2023, López Cartagena solicitó al TPI que anotara la rebeldía a Santos Burgos y así lo autorizó el foro primario mediante una *Resolución,*[2] notificada en autos el 3 de abril de 2023. Meses después, el 9 de enero de 2024,[3] el peticionario anunció que su prueba pericial estaba lista por lo que solicitó al TPI el señalamiento de una vista en rebeldía.

Ese mismo mes, el 30 de enero de 2024, compareció la recurrida.[4] En su moción, anunció su representación legal, presentó su contestación a la demanda y solicitó el levantamiento de la anotación de rebeldía en su contra. De sus alegaciones surge que, no se opuso a la liquidación de la comunidad de bienes y solicitó excusas por su incomparecencia. En respuesta, el TPI notificó una *Orden*[5] en la cual dispuso que, atendería los referidos escritos de Santos Burgos durante la vista en rebeldía pautada para el día siguiente.

A lo antes, López Cartagena se opuso[6] y discutió que es tardía la solicitud de Santos Burgos, en la medida en que, compareció el día antes del señalamiento de la vista en rebeldía y meses después de que le fue anotada la rebeldía. Añadió que, la referida demora no estuvo justificada, particularmente, porque en abril de 2023 remitió una misiva a la abogada de Santos Burgos anejando una copia del dictamen del foro primario anotando la rebeldía a su clienta.

---

[2] Apéndice, págs. 14-15.
[3] Apéndice, pág. 19.
[4] Apéndice, págs. 80-84.
[5] Apéndice, pág. 85.
[6] Apéndice, págs. 86-88.

En su urgente réplica,[7] la representación legal de la recurrida arguyó que, las partes entretuvieron diálogos transaccionales sin su participación. Informó que, Santos Burgos no objeta la división, sin embargo, solicita el inventario y avalúo de los bienes, en particular, la tasación de la propiedad que se encuentra en posesión del peticionario.

Evaluadas las posturas escritas de las partes, así como lo expresado durante la vista celebrada,[8] el TPI emitió la siguiente *Resolución* el 31 de enero de 2024:

> Habiendo tenido la oportunidad de leer los escritos y escuchar las alocuciones de las representantes legales de las partes, el Tribunal determina que no medió causa para justificar el haber transcurrido 10 meses, desde que fue emplazada, para la demandada comparecer en autos y contestar la demanda al filo de la celebración de la vista de rebeldía. No obstante, conforme a la política pública de que los casos se decidan en sus méritos, y en el balance de los intereses envueltos, el Tribunal está en disposición de levantar la rebeldía anotada a la demanda[da], y aceptar su tardía contestación a la Demanda, si en 10 días satisface una sanción de $500.00 por dilación injustificada de los procedimientos, y reembolsa al demandante el costo incurrido por éste en asegurar la comparecencia de su perito a la vista en rebeldía. Se apercibe a la demandada, que de no satisfacer la sanción, no se aceptará su contestación a la demanda, se mantendrá la rebeldía anotada, y se procederá a señalar nuevamente la vista en rebeldía. (Énfasis omitido.)[9]

Oportunamente, López Cartagena solicitó reconsideración, la cual el foro primario denegó el 22 de febrero de 2024. Inconforme aún, el peticionario acude ante esta Curia y, en su único señalamiento de error sostiene que "erró el Tribunal de Primera Instancia al levantar la rebeldía de la demandada, quien se cruzó de brazos al no comparecer por exceso de 10 meses y no demostró justa causa para ello. Al así actuar, el TPI abusó de su discreción."

En cumplimiento con nuestra *Resolución,* el 9 de abril de 2024, la parte recurrida comparece mediante *Alegato en oposición a solicitud de certiorari* y allí expone los fundamentos por los cuales no procede la expedición del auto de *certiorari.* Entre otros que, para la

---

[7] Apéndice, págs. 90-91.
[8] Apéndice, págs. 97-101.
[9] Apéndice, pág. 96.

fecha en que López Cartagena notificó la anotación de rebeldía a la actual representante legal de Santos Burgos, esta no había sido contratada como su abogada, lo cual la imposibilitaba de realizar gestión alguna a su favor. Destaca que cumplió oportunamente con las sanciones impuestas. Añade la importancia de acreditar el carácter ganancial de los bienes y deudas en la liquidación de la extinta sociedad de bienes gananciales.

Con el beneficio de los escritos de las partes, procedemos a resolver.

**II.**

A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56,

*injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

### B. Anotación de Rebeldía

La Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, faculta al tribunal a anotar la rebeldía a una parte que no comparece a pesar de haber sido emplazada, a iniciativa propia o a solicitud de parte. La rebeldía "es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 587 (2011). Como se sabe, la anotación de rebeldía es un disuasivo para aquellos que puedan recurrir a la dilación como estrategia de litigación. *Rodríguez Gómez v. Multinational Ins. Co.,* 207 DPR 540, 554 (2021); *González Pagán v. SLG Moret-Brunet,* 202 DPR 1062, 1069 (2019). Lo anterior, puesto que el efecto de la anotación de la rebeldía es que, se darán por admitidos los hechos correctamente alegados en la demanda, y los tribunales pueden dictar sentencia, si procede como cuestión de derecho. *Íd.*

Cabe señalar que, aun cuando las alegaciones afirmativas se dan por admitidas con la anotación de rebeldía, el Tribunal Supremo exige que, los tribunales comprueben la veracidad de cualquier aseveración mediante prueba. *Audiovisual Lang. v. Sist. Est. Natal*

*Hnos.,* 144 DPR 563, 578 (1997); *Continental Ins. Co. v. Isleta Marina,* 106 DPR 809, 815 (1978). En el descargo de dicho deber, los tribunales pueden, discrecionalmente, celebrar las vistas que estimen necesarias y adecuadas para comprobar la veracidad de cualquier alegación. *Ocasio v. Kelly Servs.,* 163 DPR 653, 671 (2005).

No obstante, el Máximo Foro ha reiterado que, un trámite en rebeldía no garantiza una sentencia favorable al demandante, pues, la parte demandada no admite hechos incorrectamente alegados ni tampoco conclusiones de derecho. *Rodríguez Gómez v. Multinational Ins. Co.*, supra, pág. 554. Asimismo, la parte que se encuentre en rebeldía tampoco renuncia a las defensas de falta de jurisdicción ni a que la demanda no aduce hechos constitutivos de remedio. *Íd.* págs. 554-555.

La Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3, autoriza a los tribunales a dejar sin efecto la rebeldía anotada ante la existencia de justa causa. Análogamente, cuando queda demostrado que la reapertura del caso no ocasiona un perjuicio para la parte contraria, nuestro más Alto Foro ha resuelto que denegarla constituye un claro abuso de discreción. *J.R.T. v. Missy Mfg. Corp.*, 99 DPR 805, 811 (1971). Lo antes, en respuesta al derecho fundamental que tienen las partes a tener su día en corte, componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* 204 DPR 20, 44 (2020).

### C. Costas y sanciones interlocutorias

La Regla 44.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 44.2, autoriza a los tribunales a imponer costas interlocutorias y sanciones económicas a las partes o a su representación legal por su "demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia."

Sobre este asunto, el Tribunal Supremo aclaró que, son dos las acciones correctivas que los tribunales pueden imponer en contra de la parte que actúa en detrimento de la eficiente administración de la justicia, a saber: (1) costas interlocutorias a favor de una parte como reembolso de los gastos extraordinarios innecesarios en los cuales incurrió a causa de la otra parte; o (2) sanciones económicas interlocutorias en contra de las partes o sus abogados a favor del Estado. *Pérez Torres v. Acad. Perpetuo Socorro,* 182 DPR 1016, 1027-1028 (2011).[10] Entiéndase que, el fin de las costas interlocutorias es reembolsar los gastos legítimamente incurridos, mientras que, las sanciones económicas buscan castigar la conducta impropia. *Íd.*, citando a Javier E. Echevarría Vargas, *Procedimiento Civil Puertorriqueño,* pág. 280 (1ra ed. 2012).

### III.

En su recurso, el peticionario solicita que ejerzamos nuestra función discrecional para mantener la anotación de rebeldía en contra de la recurrida. Lo antes, por entender que la recurrida no acreditó justa causa por demorar meses en contestar la demanda. Añade que, levantar la rebeldía es contrario a Derecho y que atenta en contra del principio de que las causas judiciales han de resolverse de forma justa, rápida y económica.

Tal cual surge del tracto procesal, en su oposición, la recurrida presenta como justificación para su demora en acreditar su alegación responsiva que, el peticionario notificó la anotación de rebeldía a la Lic. Cheril G. Ocasio González, previo a que la recurrida la contratara como su abogada. Arguye además que, dilucidar el pleito en sus méritos no le ocasiona un perjuicio sustancial, toda vez que, ella acepta que procede la causa de acción para liquidar la

---

[10] Cuando la parte sancionada sea el Estado, sus agencias, corporaciones o instrumentalidades, la misma se concederá a favor de la parte contraria en el pleito. *Pérez Torres v. Acad. Perpetuo Socorro,* supra, pág. 1028.

comunidad de bienes existente. Sin embargo, resulta necesario realizar un inventario, y un avalúo para establecer el carácter ganancial de los bienes y deudas a liquidar, con el fin de proceder con la partición conforme a derecho. Finalmente, acredita haber sufragado las sanciones impuestas por el foro primario de forma oportuna.

Luego de un sosegado examen del recurso de epígrafe, de la correspondiente oposición y del expediente en su totalidad, concluimos que el foro primario no abusó de su discreción al ordenar el levantamiento de la anotación de rebeldía de la recurrida. En primer lugar, no surge del expediente que, dejar sin efecto la anotación de rebeldía ocasionará un perjuicio al peticionario. Tal cual lo estableció el Tribunal Supremo en *J.R.T. v. Missy Mfg. Corp.*, supra, en ausencia de tal perjuicio, el tribunal incurre en abuso de discreción al denegar a la reapertura del caso.

Como segundo factor, según ordenó el foro primario, la recurrida sufragó una sanción de $700.00 para cubrir los honorarios del perito del peticionario por su comparecencia a la vista celebrada el 31 de enero de 2024. De manera que, con ello reembolsó los gastos periciales en los cuales incurrió el peticionario por la presencia de su perito en dicha vista.

En tercer lugar, el TPI dispuso que no hubo causa justificada para que la recurrida haya demorado en contestar la demanda. Como consecuencia, y conforme lo autorizó el Tribunal Supremo en *Pérez Torres v. Acad. Perpetuo Socorro,* supra, el foro primario impuso a la recurrida $500.00 como sanción a favor del TPI, la cual acreditó haber pagado. Con ello, subsanó las inconveniencias que su inacción y falta de diligencia ocasionaron a la eficiente administración de la justicia.

En virtud de lo anterior, en ausencia de un perjuicio para el peticionario y en respuesta a la norma general de que la balanza

debe inclinarse a favor de la celebración de un juicio en los méritos, dictaminamos que no se cometió el error señalado.

Ahora bien, ante la evidente desidia injustificada de la recurrida, la cual a todas luces es sancionable, además le imponemos a dicha parte el pago de los aranceles de suspensión de la vista en su fondo en rebeldía señalada para el 31 de enero de 2024,[11] conforme lo autorizan la Regla 44.2 de Procedimiento Civil, *supra,* y *Pérez Torres v. Acad. Perpetuo Socorro,* supra.[12]

## IV.

A la luz de lo esbozado, expedimos el auto de *certiorari* a los únicos fines de modificar el dictamen impugnado y así modificado, se confirma.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] Entrada núm. 12 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.

[12] Véase, además, la Regla 17 de las Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico de 1999, así como la Sección 2 de la Ley Núm. 17 de 11 de marzo de 1915, según enmendada, conocida como la Ley de Aranceles de Puerto Rico, 32 LPRA sec. 1477.